UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GRINNELL MUTUAL REINSURANCE CO., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:17-cv-00044-WCL-SLC<br>) |
| SHARON L. DETAMORE, *et al.*, | )<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a Verified Petition for Service by Publication (DE 17) filed by Plaintiff Grinnell Mutual Reinsurance Co., seeking an order pursuant to Federal Rule of Civil Procedure 4(e)(1) to permit service by publication on Defendants Samuel Detamore and Dustin Elston. In the petition, Plaintiff's attorney states that he sent a request for waiver of service to each of these Defendants at a specific address, but the waiver was not returned. Plaintiff's attorney then hired a process server who attempted to serve these Defendants at that same address, but the process server was unsuccessful.

Federal Rule of Civil Procedure 4(e)(1) permits service of a summons and complaint by following the law of the state in which the district court is located or service is made. In turn, Indiana Rule of Trial Procedure 4.13 permits service to be made by publication in certain circumstances. "It requires the party to ask the court to allow service by publication and the request must be supported by affidavit that 'diligent search has been made that the defendant cannot be found, has concealed his whereabouts, or has left the state . . . .'" *McCarty v. Landis Express, Inc.*, No. 1:10-cv-00340-DML-LJM, 2011 WL 3678810, at *1 (S.D. Ind. Aug. 19,

2011) (quoting Ind. Tr. R. 4.13). "In addition, service by publication must satisfy the requirements of due process." *Id.* (citations omitted).

Here, Plaintiff's attorney states in the petition, which he signed under penalties of perjury, that "despite due diligence and effort on Grinnell's part," it has not been able to effect service on Elston and Detamore. (DE 17 at 2). Attached to the petition is the process server's invoice, in which the process server explains that he went to Elston's address, but it appeared as though the resident was in the process of moving, and a neighbor stated that he did not believe anyone lived there. (DE 17-1 at 1). The process server then made several telephone calls to the apartment office, but they went unanswered. (DE 17-1 at 1). As to Detamore, the process server made one attempt at his address, but Detamore's mother stated that he does not live at that address and the last she knew that he was in the Madison County Jail. (DE 17-1 at 2). The Madison County Jail and the Indiana Department of Correction, however, each reported that Detamore was not currently incarcerated there. (DE 17-1 at 2).

On this record, the Court is not persuaded that a diligent search has been completed such as to warrant service by publication, at least at this juncture. Plaintiff's counsel does not state that he conducted any internet searches or wide-ranging records searches concerning Elston or Detamore. *See, e.g.*, *McCarty*, 2011 WL 3678810, at *2 (concluding that plaintiff had not done a diligent search to warrant service by publication). Nor has Plaintiff attempted to contact any relatives or former employers of Elston, or any relatives (other than his mother) or former employers of Detamore. *See id.* In essence, Plaintiff attempted to serve Elston and Detamore at one possible address, but then gave up. *See id.* However, "[d]ue process requires a level of

2

effort consistent with that a person would use who actually wants to contact the defendant." *Id.* (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950)).

Therefore, Plaintiff's motion for service by publication (DE 17) is DENIED without prejudice. Plaintiff shall have until July 5, 2017, to try to locate Elston and Detamore and effect service on them and, failing those efforts, to renew the motion for service by publication. To meet this deadline, Plaintiff must devote significant efforts to locate these two Defendants. Any renewed motion must set forth with specificity all efforts undertaken by Plaintiff to locate Elston and Detamore and all efforts to effect service.

SO ORDERED.

Entered this 30th day of May 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge