UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GRINNELL MUTUAL REINSURANCE CO. | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CASE NUMBER: 1:17 CV 044 |
| | ) |
| SHARON L. DETAMORE, et al. | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## OPINION AND ORDER

Plaintiff Grinnell Mutual Reinsurance Co. ("Grinnell") filed this declaratory judgment action seeking a "no coverage" or "excluded coverage" declaration with respect to the single vehicle accident that is the subject of a separate state court lawsuit. [DE 1, amended at DE 5] Before the Court is Plaintiff, Grinnell Mutual Reinsurance Co.'s "Motion for Summary Judgment" filed on December 11, 2017 [DE 40]. Defendants Scott and Jessica Goodwin ("the Goodwins") responded on January 5, 2018 [DE 43] to which the Plaintiff replied on January 18, 2018 [DE 44]. For the following reasons, the Plaintiff's Motion will be GRANTED.

## FACTUAL BACKGROUND

The facts of this case are largely undisputed by the parties; rather, the issue in this case is whether the undisputed facts obligate Grinnell to defend and indemnify Defendant Sharon Detamore ("Sharon") under the terms of the Policy. With this said, the court turns first to the undisputed facts.

This case arises from a single vehicle crash ("the Accident") in Huntington, Indiana in December, 2014 involving Defendants Samuel Detamore ("Samuel"), Jessica Goodwin ("Jessica"), and Dustin Elston ("Dustin") as they carpooled to their off-farm job in a Dodge Ram

1

truck driven by Samuel. While en route, Samuel lost control of the pickup. The pickup left the roadway, rolled several times and came to rest on its roof. Jessica and Dustin, both unrestrained front seat passengers, were ejected from the vehicle and injured. Jessica may have sustained permanently disabling cognitive injuries in the accident. Subsequently, Jessica's father, Scott Goodwin ("Scott"), was named her guardian. *See In re: Guardianship of Jessica L. Goodwin*, cause no. 35C01-1503-GU-006, Huntington Circuit Court.

In November 2016, Scott and Jessica instituted a civil action in Huntington Circuit Court, case no. 35C01-1611-CT-659, against Samuel and his grandmother, Sharon. In that suit, Scott and Jessica assert a negligence claim against Samuel as well as a claim against Sharon for providing Samuel with "an unreasonably dangerous, defective, and used Goodyear Wrangler Tire" to mount on the pickup. The briefs do not provide any factual information relating to Sharon's alleged provision of the tire to Samuel, the condition of the tire, or any facts indicating that the tire was utilized on the vehicle at the time of the accident. The lawsuit further asserts that Sharon and Samuel were engaged in a joint venture at the time of the accident in that Samuel was transporting Jessica and Dustin to work in the Dodge Ram.

Defendant Indiana Farm Bureau Insurance ("Farm Bureau") insured Samuel's pickup and Sharon's personal vehicles but not Sharon's farm vehicles and equipment. Farm Bureau's policy has a $500,000 liability limit which it has offered to Scott and Jessica to settle the claims. However, due to Jessica's extensive injuries Sharon and Samuel are exposed to the potential for a judgment exceeding the limits of the coverage offered by Farm Bureau.

Sharon and her husband, George Detamore, are farmers. Grinnell insures Sharon under a farm liability policy, commonly known as Farm-Guard. Sharon also has farm property insurance

from Farmers Mutual Insurance Company of Grant & Blackford Counties of Marion, Indiana.[1] These consolidated policies are identified in the record as F07-80466. Sharon's Farm-Guard policy was in effect at the time of the accident and carries $500,000 in farm-liability limits.

The Farm-Guard Policy ("the Policy") contains various exclusions from coverage, including an exclusion for motor vehicle liability as follows:

> 2. "We" do not cover any "Motor Vehicle Liability" unless at the time of the "occurrence" the involved "motor vehicle" is:
>     a.    In dead storage on the "insured premises";
>     b.    Used exclusively on the "insured premises";
>     c.    Exempt from required registration for use on public roads or property by law or regulation issued by a government agency;
>     d.    Being used by a "farm employee" in the course of any "insured's" "farming" operations and not owned by any "insured"; or
>     e.    A watercraft, camper, home, or utility trailer that is not towed by, carried on, or attached to a vehicle."

"Motor vehicle liability" is further defined in the policy as follows:

> 3.    …"Motor Vehicle Liability" … mean[s] the following:
>     a.    Liability for "bodily injury" … arising out of the:
>         (1)    Ownership of such vehicle or craft by any "insured";
>         (2)    Maintenance, occupancy, operation, use, loading, or unloading of such vehicle or craft by any person…

While expressly excluding "Motor Vehicle Liability," the Policy affirmatively covers Sharon's farming operations and provides coverage for any "liability to public" (including damage to property of others"), "medical payments to public," "liability to farm employees," and "medical payments to farm employees."

Based on these provisions, Grinnell maintains that on its face its Policy does not provide coverage for the accident and seeks a declaration that it has no legal duty to defend or indemnify Sharon in the underlying suit against her.

---

[1] Farmers Mutual is not authorized under Indiana law to insure liability coverage in the State of Indiana, so its coverage is not at issue in this suit or the underlying state court suit.

## APPLICABLE STANDARD

Rule 56(a) authorizes the court to grant summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The court is required to enter summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## DISCUSSION

The parties do not dispute that Indiana law governs the coverage obligations and duties to defend arising from the Policy. In Indiana, "[t]he interpretation of an insurance policy is primarily a question of law for the court, and it is therefore a question which is particularly suited for summary judgment." *Wagner v. Yates,* 912 N.E.2d 805, 808 (Ind. 2009) (citation omitted). In an insurance policy dispute under Indiana law, "the insured has the burden of proving that the coverage applies, and the insurer, if relying on an exclusion to deny coverage, has the burden of demonstrating that the exclusion is applicable." *Bowman, Heintz, Boscia & Vician, P.C. v. Valiant Ins. Co.*, 35 F.Supp.3d 1015, 1023 (N.D. Ind. 2014) (citation omitted). "Generally speaking, contracts for insurance are subject to the same rules of construction as other contracts." *Id.* "[C]lear and unambiguous language in an insurance policy should be given its plain and ordinary meaning, even if those terms limit an insurer's liability." *Everett Cash Mut. Ins. Co. v. Taylor,* 926 N.E.2d 1008, 1012 (Ind. 2010) (internal citation omitted). "If the terms of a written contract are

ambiguous, it is the responsibility of the trier-of-fact to ascertain the facts necessary to construe the contract." *Newnam Mfg., Inc. v. Transcon. Ins. Co.,* 871 N.E.2d 396, 401 (Ind. Ct. App. 2007). Where policy language is ambiguous, Indiana courts generally construe it strictly against the insurer and in favor of the insured. *Taylor,* 926 N.E.2d at 1012 (citation omitted).

As noted, Grinnell moved for summary judgment seeking a declaration from this Court that the Policy excludes coverage for motor vehicle accidents such as the one at issue in this case and thus, it has no obligation to defend or indemnify Sharon. In response, the Goodwins do not make a serious argument that Grinnell's Policy covers the motor vehicle accident itself. *See Response, at 5* ("…even if one concedes that the Farm policy excludes coverage for injury arising out of motor vehicle liability, there is no provision cited by Grinnel [sic] to exclude coverage for the provision of a defective chattel.") Instead, they argue that the theory of liability against Sharon is that she provided a defective chattel to Samuel which resulted in bodily harm to Jessica and it is this claim that brings the Policy into play.

An insurer's duty to defend is broader than its duty to indemnify. *Newnam Mfg., Inc.,* 871 N.E.2d at 401; *see Ind. Farmers Mut. Ins. Co. v. N. Vernon Drop Forge, Inc.,* 917 N.E.2d 1258, 1267 (Ind. Ct. App. 2010) ("If the policy is otherwise applicable, the insurance company is required to defend even though it may not be responsible for all of the damages assessed."). Indiana courts have determined that an insurer's duty to defend is based on the allegations in the complaint and "those facts known or ascertainable by the insurer after reasonable investigation." *Newnam*, 871 N.E.2d at 401 (citation omitted). If the pleadings demonstrate that "a claim is clearly excluded under the policy, then no defense is required." *Id.*

Unfortunately for the Goodwins, they provide no citation to any Policy provision that supports their assertion that coverage exists under the Policy for Sharon's act of providing an

5

automobile tire to Samuel. In fact, there is not a single Policy provision cited, quoted or otherwise referenced in their response brief that would affirmatively lend itself to a determination that the Policy applies in this scenario. Moreover, as Grinnell, points out and cites in its briefs, the Policy itself excludes coverage for liability arising from the "use" of a motor vehicle. The injuries in this case unquestionably arose from Samuel's "use" of a motor vehicle. Nevertheless, the Goodwins argue that a question of fact exists as to whether the "use" of a motor vehicle was the predominant cause of the accident or whether it was Sharon's provision of a defective tire to Samuel.

Indiana courts analyze the "efficient and predominate cause" of the injuries to determine whether claims are subject to policy exclusions. In *Wright v. American States Insurance Company*, 765 N.E.2d 690 (Ind. Ct. App. 2002), one child died and another was injured while riding in a van being driven by a daycare center employee when the van was involved in a collision. The court held that an auto-use exclusion in the daycare center's CGL policy excluded coverage for a claim of negligent supervision, explaining:

> the efficient and predominating cause of the injuries was [the driver's] use of the van. Without the use of the van, there would be no lawsuit…The immediate and efficient cause of [the children's] injuries and the [injured parties'] claims arising from those injuries is [the driver's] use of the automobile.

*Id.* at 697; *see Ill. Farmers Ins. Co. v. Wiegand*, 808 N.E.2d 180, 190 (Ind. Ct. App. 2004) (holding that a policy containing a motor vehicle exclusion barred coverage for a negligent supervision claim because the "immediate and efficient cause" of the minor's injuries and the claims arising from those injuries was the minor's use of the ATV, "and without the use of the ATV, there would be no claim for negligent supervision"); *Property–Owners Ins. Co. v. Ted's Tavern, Inc.*, 853 N.E.2d 973, 983 (Ind. Ct. App. 2006) (holding that a liquor liability exclusion in a CGL policy excluded coverage for negligent hiring, training and supervision claims where "the immediate and efficient cause of the injuries was drunk driving precipitated by the negligent service of alcohol");

*Westfield Ins. Co. v. Hill*, 790 F.Supp.2d 855, 866 (2011) (finding that homeowners insurance policy containing an exclusion for sexual molestation and physical abuse precluded coverage of negligent supervision and failure to warn claims where "the efficient and predominant cause of Doe's injuries was Comford's sexual molestation and physical abuse").

In this case, the same logic applied in the cases above is decisive here. The efficient and predominant cause of Jessica's injuries was Samuel's "use" of a motor vehicle. Without Samuel's use of the vehicle, Jessica would not have suffered her injuries and there would be no claim for negligent provision of a chattel against Sharon. Because the Policy excludes any coverage for bodily injuries arising from use of a motor vehicle, Grinnell has no obligation to defend or indemnify Sharon in the underlying suit. Grinnell's Motion for Summary Judgment is therefore, GRANTED.

One additional issue is raised by the Goodwins in their response to summary judgment that will only be briefly discussed. The Goodwins claim that a question of fact exists as to whether the Policy is the only coverage Grinnell provides to Sharon. According to the Goodwins, Sharon answered an interrogatory in the underlying state court suit wherein she states that it is "unknown" whether she has umbrella coverage. Likewise, Sharon provided an Indiana Farmer's Declaration sheet in the underlying litigation that indicates premium discounts were applied for "multi-line discounts-Home/Farm and Umbrella." The Goodwins believe this information somehow relates to this case although they state "it is unclear from discovery whether there is an applicable umbrella policy and who issued the policy."

However, this declaratory judgment action only involves the Policy listed in the Amended Complaint, not any other policy. Whether other policies may or may not cover the Goodwins'

losses is beyond the scope of the pleadings and Grinnell's Motion for Summary Judgment filed in this case. As a result, this argument fails.

## CONCLUSION

Based on the foregoing, Grinnell's Motion for Summary Judgment is GRANTED. The Clerk of the Court is **DIRECTED** to enter a **DECLARATORY JUDGMENT** in favor of Grinnell Mutual Reinsurance Co. and against all defendants declaring that no coverage exists under Policy No. F07-80466 for the December, 2014 Accident. Grinnell has no duty to defend or indemnify their insured under that Policy with respect to the claims asserted by the other individual defendants in the lawsuit filed in Huntington Circuit Court, case no. 35C01-1611-CT-659.

Entered this 9th day of April, 2018

s/ William C. Lee
United States District Court